RECEIVED

MAR 0 9 2015

DEPT. OF ADMINISTRATION
DIRECTOR'S OFFICE

CLERK OF THE
DISTRICT COURT

2015 JAN 29 AM 9 47

FILED BY _____
CLERK / DEPUTY

RECEIVED

MAR 1 1 2015

Risk Management &
Tort Defense Division

Lee C. Henning
Samantha P. Travis
Rebecca J. Henning-Rutz
HENNING, KEEDY & LEE, P.L.L.C.
723 5th Ave East, Suite 100
Kalispell, MT 59901
(406) 752-7122
Lee@grizzlylaw.com
Samantha@grizzlylaw.com
Becky@grizzlylaw.com

Attorneys for Plaintiffs

## MONTANA TWENTIETH JUDICIAL DISTRICT COURT, LAKE COUNTY

| | |
|---|---|
| B.Y.O.B., Inc., a Montana Corporation, JIM GLANTZ, Individually and as PERSONAL REPRESENTATIVE of the ESTATE OF DONNA GLANTZ, Deceased, ON BEHALF Of The ESTATE of DONNA GLANTZ, BARBARA RILEY, MEADOW LAKE REAL ESTATE a/b/n of CYA, Inc., GILDO, LLC, a Montana Limited Liability Company, BEEZ-NEEZ, Inc., a Montana Corporation, TERIN GILDEN, NATHAN GILDEN,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF MONTANA, a governmental entity; THE MONTANA DEPARTMENT OF REVENUE, a political subdivision of the State of Montana; and DOES A-Z,<br><br>Defendants. | Cause No. DV-15- 20<br>Judge: DEBORAH KIM CHRISTOPHER<br><br>**COMPLAINT AND JURY DEMAND**<br><br>COPY |

COMES NOW, B.Y.O.B., Inc. ("BYOB"), Jim Glantz, Individually and as Personal Representative of the Estate of Donna Glantz ("Jim"), the Estate of Donna Glantz ("Estate"), Barbara Riley ("Barb"), Gildo, LLC ("Gildo"), Beez-Neez, Inc. ("Beez-Neez"), Terin Gilden ("Terin") and Nathan Gilden ("Nate") and for their causes of action against Defendants, complain and allege as follows:

## PARTIES

1.      BYOB is a corporation that was formed and operated under the laws of the State of Montana.

2.      Donna was the sole shareholder of BYOB. Donna died on May 26, 2011.

3.      The Estate of Donna Glantz is currently in probate before the Twentieth Judicial District, Lake County, Montana (Cause No. DP-11-28). At all pertinent times prior to her death, Donna Glantz was a resident of Lake County, Montana.

4.      Jim Glantz is a resident of Lake County, Montana and Donna's widower. Jim is the Personal Representative and the sole heir of the Estate.

5.      Barbara Riley is a resident of Flathead County, Montana. Barb is a real estate agent and the managing broker of Meadow Lake Real Estate. Barb was the seller's agent for BYOB and the buyer's agent for Gildo in Gildo's attempted purchase of BYOB.

6.      Meadow Lake Real Estate is an assumed business name of CYA, Inc., a Montana Corporation, formed and operating under the laws of the State of Montana.

7.      Gildo is a limited liability company formed and operating under the laws of the State of Montana. Gildo entered into a contract to purchase BYOB.

8.      Beez-Neez is a corporation that was formed and is operating under the laws of the State of Montana. Beez-Neez participated in the competitive bidding process to purchase BYOB in the auction conducted by the bankruptcy trustee (*In re: BYOB, Inc.*; Case No. 11-623447-11).

9.      Terin Gilden is a resident of Flathead County, Montana and is a member of Gildo.

10.     Nathan Gilden is a resident of Washington and is a member of Gildo and the President of Beez-Neez.

11.     Defendant, State of Montana ("State") is a governmental entity.

12.     Defendant Montana Department of Revenue ("DOR") is a political subdivision of the State.

13.     Does A-M are state officials of the DOR in their personal capacity.

14.     Does N-Z are other actors, in their official and/or personal capacity, who acted tortiously and/or contrary to the law and caused harm to Plaintiffs.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over this case.

16.     Venue is proper in the Twentieth Judicial District pursuant to § 25-2-126(1), MCA.

## FACTS COMMON TO ALL COUNTS

17.     The DOR administers the retail sale of liquor in Montana for the State.  Pursuant to Montana laws, independent merchants operate Agency liquor stores pursuant to Agency franchise agreements with the DOR.

18.     Beginning in 1998, BYOB held an Agency Franchise Agreement with the DOR to operate Agency Liquor Store No. 12 in Kalispell, Montana ("BYOB Franchise Agreement").  BYOB operated a retail business for wine and spirits in Kalispell with the BYOB Franchise Agreement.

19.     BYOB was a very profitable business and provided a comfortable income and lifestyle for Jim and Donna.

20.     Sometime in late 2010 or early 2011, Donna listed BYOB for sale.  Barb and Meadow Lake were engaged as seller's agent.  The initial asking price was approximately $3.3 million.  There was immediate and intense interest in the business.

21.     Over the course of the next approximately year, several bona fide offers to purchase BYOB were made.  The DOR either intentionally and/or negligently interfered with each prospective sale.  Through its intentional and/or negligent actions, the DOR ultimately prevented realization of the purchase of BYOB in each of these instances, resulting in severe and varied economic losses to Plaintiffs.

22.     In or around October 2011, Gildo entered into a contract to purchase BYOB.  The DOR either intentionally and/or negligently interfered with this prospective sale.  Through its intentional and/or negligent actions, the DOR ultimately prevented realization of Gildo's purchase of BYOB, resulting in severe and varied economic losses to Plaintiffs .

23.     In or around December 2011, BYOB filed for bankruptcy.  In or around February 2012, the assets of BYOB were set to be sold at auction by the bankruptcy trustee.  Beez-Neez sought to participate in the auction.  The DOR either intentionally and/or negligently interfered with this prospective sale.  Through its intentional and/or negligent actions, the DOR ultimately prevented

realization of Beez-Neez's purchase of BYOB, resulting in severe and varied economic losses to Plaintiffs.

24.     The DOR's actions in intentionally and/or negligently interfering with the sale(s) of BYOB constituted a course of continuing conduct and the damages Defendants caused to Plaintiffs were readily and reasonably abated.

## COUNT I – NEGLIGENCE/NEGLIGENCE PER SE

25.     The preceding paragraphs are realleged as though set forth in full here.

26.     Defendants owed general and special duties to Plaintiffs pursuant to Montana statutory and common law, including compliance with the provisions of the Montana Alcoholic Beverage Code ("Alcohol Code").

27.     Defendants breached their duties to Plaintiffs by taking the following actions, including, but not limited to: refusing to review and approve assignment requests of the BYOB Franchise Agreement; taking affirmative and/or negligent steps to frustrate and/or avoid application for assignment of the BYOB Franchise Agreement; and making misrepresentations of law and fact to Plaintiffs, prospective purchasers of BYOB and others, and other inappropriate actions.

28.     Defendants' conduct was arbitrary, capricious and otherwise not in keeping with the law.

29.     Plaintiffs were members of the class that is protected by the Alcohol Code and for which the Alcohol Code was enacted to protect.

30.     Defendants' breach of their duties caused both general and special damages to Plaintiffs, including, but not limited to, economic losses, lost profits and attorney's fees and costs.

## COUNT II – TORTIOUS INTERFERENCE

31.     The preceding paragraphs are realleged as though set forth in full here.

32.     Defendants repeatedly, systematically, intentionally and willfully interfered with Plaintiffs' business and prospective economic advantage, including by, but not limited to: refusing to review and approve assignment requests of the BYOB Franchise Agreement; taking intentional and willful actions to interfere with, frustrate and bar prospective sales of BYOB; making misrepresentations of law and fact to Plaintiffs, prospective purchasers of BYOB and others; and

have continued to intentionally and willfully interfere with Plaintiffs' prospective economic advantage.

33.     Defendants' actions were calculated to cause damage to BYOB and other Plaintiffs and were committed with an unlawful purpose of causing damage or loss, without right or justifiable cause on the part of Defendants.

34.     Defendants' actions resulted in actual damages to Plaintiffs, including, but not limited to, economic losses, lost profits and attorney's fees and costs.

## COUNT III – BREACH OF CONTRACT

35.     The preceding paragraphs are realleged as though set forth in full here.

36.     In 2011 and again in 2012, through words and conduct, Defendants entered into oral contracts with Plaintiffs regarding the sale and assignment of the BYOB Franchise Agreement.

37.     Defendants breached these oral contracts with Plaintiffs, including by refusing to review and approve assignment of the BYOB Franchise Agreement.

38.     Defendants' breaches caused both special and general damages to Plaintiffs, including, but not limited to, economic loss, lost profits and attorney's fees and costs.

## COUNT IV – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

39.     The preceding paragraphs are realleged as though set forth in full here.

40.     Over the course of dealings between Plaintiffs and Defendants, the covenant of good faith and fair dealing – including the duties of honesty, disclosure and commercially reasonable conduct – undergirded the contracts, promises, representations and general conduct of Defendants.

41.     Defendants breached the duty of good faith and fair dealing.

42.     Defendants' breach of the duty of good faith and fair dealing caused both special and general damages to Plaintiffs, including, but not limited to, economic loss, lost profits, and attorney's fees and costs.

## COUNT V – INTENTIONAL AND NEGLIGENT MISREPRESENTATION

43.     The preceding paragraphs are realleged as if set forth fully here.

44.     Defendants, during the course of dealings with Plaintiffs, supplied material, false information to Plaintiffs. Such false information includes, but is not limited to: statements regarding assignment of BYOB's Franchise Agreement, misstatements of the laws and facts surrounding

assignment of BYOB's Franchise Agreement, and misstatements of laws and facts surrounding the competitive bidding process in the BYOB bankruptcy auction.

45.     Defendants made such representations without any reasonable grounds for believing them to be true.

46.     The representations were made with the intent to induce Plaintiffs to rely upon them.

47.     Defendants, during the course of their business dealings with Plaintiffs, failed to exercise reasonable care or competence in communications with Plaintiffs, prospective buyers of BYOB, and others.

48.     Plaintiffs justifiably relied on Defendants' representations.

49.     Plaintiffs suffered general and special damages because of Defendants' intentional and/or negligent misrepresentations.

## COUNT VI– ABUSE OF PROCESS

50.     The preceding paragraphs are realleged as if fully set forth here.

51.     Defendants instituted, conducted and completed legal processes against Plaintiffs with the improper motive of causing harm to Plaintiffs, including by: refusing to review and approve assignment requests of the BYOB Franchise Agreement; making misrepresentations and defamatory statements before Montana courts and otherwise using the legal process to dilute the value of BYOB and interfere with prospective sales of BYOB.

52.     Defendants' abuses of process caused both special and general damages to Plaintiffs, including, but not limited to: economic losses, lost profits, and attorney's fees and costs.

## COUNT VII – CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. § 1983
### Violation of Fourteenth Amendment Rights to Due Process and Equal Protection
### (Against Individual Defendants Does A-M)

53.     The preceding paragraphs are realleged as if fully set forth here.

54.     Does A-M acted under color of state law.

55.     The actions of Does A-M deprived Plaintiffs of their Constitutional rights, including their rights to equal protection of the law under the Fourteenth Amendment of the Constitution as well as their rights of association under the First Amendment of the Constitution. More specifically, these actions include, but are not limited to:

     a.     Treating Plaintiffs differently than individuals and businesses who were otherwise similarly situated by, among other things, requiring more stringent and/or different financing for prospective purchasers of the BYOB Agency Franchise Agreement and other such actions; thus discriminating against Plaintiffs with both Defendants' motivation and effect – to Plaintiffs' detriment; and

     b.     Violating Jim, Barb, Terin and Nate's rights of association.  Does A-M insisted that no person who was related to Jim or had ever had any business relation with Jim was excluded from consideration of the BYOB Agency Franchise.  Such actions, on the part of Does A-M in singling Jim out, interfered with Jim, Barb, Terin and Nate's ability to socialize and do any other business.

56.     Defendants' actions, as alleged previously, were clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare.

57.     There was no rational basis for the Does A-Ms' discriminatory treatment of Jim, Barb, Terin and Nate or those other persons who had association or attenuated association with Jim.

58.     Does A-M acted intentionally and with callous disregard for Plaintiffs' clearly established constitutional rights.

59.     As a direct and proximate result of Does A-Ms' violations of Plaintiffs' constitutional rights, Plaintiffs suffered damages, including, but not limited to: economic loss, lost profits, lost business opportunities, litigation expenses including attorneys fees and costs as well as other compensatory damages, in an amount to be determined by a jury.

### COUNT VIII – VIOLATION OF MONTANA CONSTITUTION

60.     The preceding paragraphs are realleged as if fully set forth here.

61.     Defendants violated Plaintiffs' rights to pursue life's basic necessities found in Article II, Section 3 of the Montana Constitution when they obstructed and interfered with the Plaintiffs' ability to make a living – by all the actions alleged above.

62.     Defendants violated Plaintiffs' rights to acquire, possess and protect their property, found in Article II, Section 3 of the Montana Constitution by all the actions alleged above.

63.     Defendants violated Plaintiffs' rights to the equal protection of the law found in Article II, Section 4 of the Montana Constitution when they treated Plaintiffs differently than

individuals and businesses who were otherwise similarly situated, by their actions as alleged above; thus discriminating against Plaintiffs with both Defendants' motivation and effect – to Plaintiffs' detriment.

## COUNT IX – CONSTRUCTIVE FRAUD

64.     The preceding paragraphs are realleged as if fully set forth here.

65.     Defendants owed general and specific duties to Plaintiffs, as outlined above.

66.     Defendants breached those duties by various actions and omissions, including by, but not limited to:   refusing to review and approve assignment requests of the BYOB Franchise Agreement – contrary to oral representations and duties under Montana law – and making other misrepresentations of law and fact to Plaintiffs, prospective purchasers of BYOB and others.

67.     Defendants' breach misled Plaintiffs to their detriment resulting in an advantage to Defendants, causing damages to Plaintiffs.

## COUNT X- DEFAMATION

68.     The preceding paragraphs are realleged as if fully set forth here.

69.     Defendants published false and unprivileged statements about Plaintiffs, including, but not limited to, referring to Plaintiffs as "toxic".

70.     Defendant was negligent or acted recklessly in failing to determine whether the statements were true before publishing them.

71.     These false and unprivileged statements by Defendants subjected Plaintiffs to contempt and ridicule and injured Plaintiffs in their profession, trade and business.

72.     As a direct and proximate result of these false and unprivileged statements by Defendants, Plaintiffs suffered special and general damages, including, but not limited to: embarrassment and humiliation, damage to character, economic losses, lost profits, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against the Defendants as follows:

1.     There be a judgment against Defendants, in favor of Plaintiffs, and damages be awarded as are appropriate for the injuries to Plaintiffs in an amount to be determined at trial, in the jury's sound discretion;

2.      Plaintiffs be awarded punitive damages against Defendants;

3.      Plaintiffs be awarded reasonable attorneys fees and litigation expenses as damages under the private attorney general theory, and as otherwise provided by law;

4.      For costs of suit; and

5.      For such further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand trial by jury.

DATED this 28th day of January, 2015.

HENNING, KEEDY &LEE, P.L.L.C.

Lee C. Henning
Attorneys for Plaintiffs