IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| B.Y.O.B., INC., a Montana Corporation, JIM GLANTZ, Individually and as Personal Representative of the ESTATE OF DONNA GLATZ, Deceased, on behalf of the Estate of Donna Glantz, BARBARA RILEY, MEADOW LAKE REAL ESTATE a/b/n of CYA, INC., GILDO, LLC, a Montana Limited Liability Company, BEEZ-NEEZ, INC., a Montana Corporation, TERIN GILDEN, NATHAN GILDEN,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF MONTANA, a governmental entity; THE MONTANA DEPARTMENT OF REVENUE, a political subdivision of the State of Montana; and DOES A-Z,<br><br>Defendants. | CV 15–36–M–DWM<br><br>ORDER |

**INTRODUCTION**

Plaintiffs B.Y.O.B., Inc., Jim Glantz, the Estate of Donna Glantz, Barbara Riley, Meadow Lake Real Estate, Gildo, LLC, Beez-Neez, Inc., Terin Gilden, and Nathan Gilden (collectively "Plaintiffs") brought this action against the State of Montana, claiming the Department of Revenue ("the Department") intentionally

1

and/or negligently interfered with the prospective sale of an agency liquor store franchise agreement. (Complaint, Doc. 5.) The Department has not yet answered and has moved to dismiss the Complaint. They also seek judicial notice of certain documents. (Docs. 11, 13.) Plaintiffs have moved to strike the Department's motions. (Doc. 28.) For the reasons stated below, the motion to dismiss is granted in part and denied in part, the Department's motion for judicial notice is granted in part and denied in part, and Plaintiffs' motion to strike is denied.

## BACKGROUND

The Complaint makes the following factual allegations, which must be accepted as true. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). The Department administers the retail sale of liquor for the State of Montana. Pursuant to Montana statutes and regulations, independent merchants operate agency liquor stores according to agency franchise agreements with the Department. Beginning in 1998, B.Y.O.B. Inc., of which Donna Glantz was the sole shareholder, held an Agency Franchise Agreement with the Department to operate Agency Liquor Store No. 12 in Kalispell, Montana. Jim Glantz is Donna's husband, and since Donna's death, is the personal representative of Donna's estate. In late 2010 or early 2011, B.Y.O.B. was listed for sale through real estate agent Barbara Riley of Meadow Lake Real Estate, which is an assumed business name of CYA, Inc. Over

the next year, "several bona fide offers to purchase B.Y.O.B. were made," but the Department "ultimately prevented realization of the purchase of B.Y.O.B. in each of these instances." (Doc. 5 at 3.) One such offer was made by Gildo, LLC, of which Terin and Nathan Gilden are members. Around December 2011, B.Y.O.B. filed for bankruptcy. Sometime around February 2013,[1] B.Y.O.B. was sold at auction by the bankruptcy trustee. Beez-Neez, Inc., of which Nathan Gilden is president, "sought to participate in the auction," but the Department "ultimately prevented realization of Beez-Neez's purchase of B.Y.O.B." (*Id*. at 3–4.)

Plaintiffs filed this case in the state district court, Lake County, on January 29, 2015. The claims are against the Department and Does A–Z. The Complaint contains 10 Counts for: Negligence/Negligence Per Se, Tortious Interference, Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Intentional and Negligent Misrepresentation, Abuse of Process, Violation of Constitutional Rights Pursuant to 42 U.S.C. § 1983, Violation of the Montana Constitution, Constructive Fraud, and Defamation. The Department removed the case to federal court on April 8, 2015. (Notice of Removal, Doc. 1.)

---

[1] The Complaint states that the auction occurred in or around February 2012, but that date appears to be an error. (*See* Statement of Stipulated Facts, Doc. 23 at 4 (filed in anticipation of preliminary pretrial conference and containing the complete procedural background of the case).)

3

## STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court "accept[s] all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Knievel*, 393 F.3d at 1072. "Conclusory allegations and unwarranted inferences, however, are insufficient to defeat a motion to dismiss." *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011).

## ANALYSIS

### I. Motions for Judicial Notice and to Strike

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Given the number of matters outside the Complaint that have been presented by both parties, conversion of the Department's Motion to Dismiss to

one for summary judgment would be warranted. However, Plaintiffs' argument that it is too early to decide the case on summary judgment without some discovery has merit. Therefore, the motion to dismiss will not be treated as one for summary judgment.

"A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Here, there were no documents attached to the Complaint, and the "incorporated by reference" doctrine does not apply here where the Complaint in no way "depends on the contents of" any of the Department's exhibits. *Knievel*, 393 F.3d at 1076. Therefore, the Department's exhibits could only be considered as matters of judicial notice.

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court may take judicial notice of matters of public record, including documents on file in state and federal courts. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir.

2012).  Although a court may take judicial notice of a matter of public record, it may not take judicial notice of disputed facts stated in public records.  *See Lee v. City of L.A.*, 250 F.3d 668, 689–90 (9th Cir. 2001).

Judicial notice of only two exhibits is warranted at this time.  The Settlement Agreement, which was filed in the bankruptcy proceeding, is a public record.  Plaintiffs do not dispute its authenticity, do not object to the Court taking judicial notice of it, and attached the document to their response.  (*See* Brief in Opposition to Motion to Dismiss, Doc. 27 at 16–17; Settlement Agreement, Doc. 27-1.)  Therefore, judicial notice of the Settlement Agreement, (Doc. 12-9 at 7–16), is proper.  *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1008 n.2 (9th Cir. 2014).  Plaintiffs also do not challenge judicial notice or the authenticity of the bankruptcy court's Memorandum of Decision approving the Settlement Agreement, as they attached the document to their reply to the Motion to Strike.  (*See* Doc. 38-1.)  The Memorandum of Decision is a public record, and therefore judicial notice of it, (Doc. 12-10), is proper.  The remaining documents, however, are unnecessary for deciding the motion, and the Department concedes in its reply that "[t]he Court may also choose to decide [its] motion to dismiss without considering those matters of which [it] has requested the Court take judicial notice." (Reply to Motion to Dismiss, Doc. 37 at 7.)  Judicial notice of the

6

remaining documents, (Docs. 12-1 through 12-8 and 12-11 through 12-13), is therefore denied.  Likewise, the affidavits and exhibits filed by Plaintiffs, (Docs. 31–34 and accompanying exhibits; 38-2) are excluded.

The Department's arguments in its Motion to Dismiss are cognizable in a 12(b)(6) motion to dismiss and can be addressed based on the allegations in the Complaint and the Settlement Agreement and Memorandum of Decision. Consequently, the Motion to Strike is denied.

## II. Motion to Dismiss

### A. Immunity

The Department's immunity argument is premature.  The Department argues that it is entitled to absolute quasi-judicial immunity "[t]o the extent that any of Plaintiffs' claims are based on" the Department having previously initiated termination of its Agency Franchise Agreement with B.Y.O.B.  (Brief in Support of Motion to Dismiss, Doc. 12 at 18–19.)  Yet, the Complaint does not mention termination of the Agency Franchise Agreement, nor can any of the counts as pled be reasonably read to be based on the occurrence of a termination proceeding. (*See* Doc. 5.)  The Department also argues that it is entitled to absolute prosecutorial immunity "[t]o the extent that any of Plaintiffs' claims are based on . . . settlement discussions" that occurred in relation to the termination of the

7

Agency Franchise Agreement. (Doc. 12 at 22.) The Complaint makes no allegations based on Agency Franchise Agreement settlement discussions.

Instead, the Complaint alleges the Department interfered with prospective sales, refused to review and approve requests for assignment of the Agency Franchise Agreement, and frustrated the assignment process. When the Department insists that these allegations "could only have occurred in the context of attempts to resolve the pending litigation regarding the Department's final order terminating the Agency Franchise Agreement," (*Id.* at 20), it asks the Court to accept as true facts not yet established and not alleged in any pleading. The affirmative defense of immunity is unavailable based on the face of the Complaint.

In order to reach the merits of immunity at this stage and perform the proper "functional comparison of the activities performed," *Stapley v. Pestalozzi*, 733 F.3d 804, 811 (9th Cir. 2013), a factual inquiry outside the Complaint would need to be made. Such an inquiry is impermissible under Rule 12. 5 Charles Allen Wright et al., *Federal Practice and Procedure* § 1277 (3d ed. 2004). It is also clear the parties dispute the context of the allegations in the Complaint. Yet, "affirmative defenses may not be asserted by motion to dismiss if they raise disputed issues of fact." *ASARCO, LLC*, 765 F.3d at 1009 (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984)). The Department's attempt to

dismiss the Complaint on this basis at this time is denied.[2]

B.    **Settlement Agreement**

The Department maintains that the Complaint should be dismissed because under the terms of the Settlement Agreement entered into between B.Y.O.B. and the Department during the Agency Franchise termination and bankruptcy proceedings, B.Y.O.B. released any claims against the Department. As an initial matter, the only parties to the Settlement Agreement are B.Y.O.B. and the Department. Therefore, it cannot serve as a basis to dismiss the claims of the other plaintiffs. As for its impact on B.Y.O.B., "'[t]he interpretation of a contract presents a mixed question of law and fact. The existence of an ambiguity must be determined as a matter of law. If an ambiguity exists, a question of fact is presented.'" *ASARCO, LLC*, 765 F.3d at 1009 (quoting *State Farm Mut. Auto. Ins. Co. v. Fernandez*, 767 F.2d 1299, 1301 (9th Cir. 1985)). Thus, if the terms of the Settlement Agreement are ambiguous, "then interpretation of the agreement presents a fact issue that cannot be resolved on a motion to dismiss." *Id.*

In arguing that Plaintiffs released all claims against it, the Department relies

---

[2] The Department's collateral estoppel argument will also not be considered at this time because it was raised for the first time in the Department's reply brief. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived.").

on the "Costs, Fees, and Expenses; Damages" provision in the Agreement:

> Each party shall bear its own costs, fees, and expenses, including attorneys fees, arising in any manner from these disputes, and each releases the other, its attorneys, employees, agents and assigns from any liability for such costs, fees and expenses and from any damages, known or unknown, liquidated or unliquidated, arising in any manner from these disputes.

(Doc. 12-9 at 14.) This provision is not ambiguous because it is not "reasonably susceptible to more than one interpretation." *ASARCO, LLC*, 765 F.3d at 1009 (internal quotation marks omitted). But it also does not apply to the claims in this case that, according to the allegations in the Complaint, do not arise from the Agency Franchise Agreement termination proceedings.

Plaintiffs rely on the more appropriate "Scope of the Agreement" provision to show that the Settlement Agreement did not release the Department of the claims against it. That provision states:

> This Agreement constitutes the final agreement between the Agent and the Department and supersedes any and all previous written or oral agreements with the Department. This Agreement is in settlement of the violations listed above, and is not intended to cover any other disputes, known or unknown, between the parties.

(Doc. 12-9 at 12.) The "violations listed above" refers to charges the Department brought against B.Y.O.B. for violations of the Agency Franchise Agreement. Again, this provision is not ambiguous. And the provision clearly excludes

10

settlement of "any other disputes, known or unknown, between the parties."

Buttressing the conclusion that B.Y.O.B. did not release its claims against the Department is the bankruptcy court's clarification in its Memorandum of Decision approving the Settlement Agreement that "[n]othing in this decision prohibits the Glantz family, Gildo, CYA or others from seeking relief against the [Department] for arbitrary conduct or failure to comply with state law." (Doc. 12-10 at 8 n.2.) Accordingly, the Department's motion to dismiss the Complaint on this basis is denied.

### C. Failure as a Matter of Law

#### 1. Sufficiency of the Pleading

According to the Department, Counts II, III, V, VI, and IX are insufficiently pled. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations and quotation

marks omitted).

Although detailed factual allegations are not needed, the Complaint does amount to "a formulaic recitation of the elements" of the causes of action. In each of these counts, the Complaint does not differentiate the allegations between each plaintiff, even though each plaintiff had differing interactions with the Department, which likely resulted in differing damages. The Complaint is vague as to the timing and individual grounds upon which the claims rest. Each count is made up of labels and conclusions that leaves the Department without notice of the specific grounds for each claim. Tellingly, Plaintiffs' responses to the Department's insufficiency arguments often rely on the factual allegations contained in the affidavits and exhibits that Plaintiffs filed in opposition to the Motion for Judicial Notice, which are not considered for the reasons stated above. Counts II, III, V, VI, and IX are dismissed, without prejudice.

Plaintiffs request leave to amend. The affidavits and exhibits they filed in opposition to the Motion for Judicial Notice set forth ample factual details that, if incorporated, would satisfy the pleading standard. At this stage of the case, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs are granted leave to amend the Complaint because

amendment may not be futile. Moreover, the Department does not object to allowing the amendments. (Doc. 37 at 7.)

### 2. Count I – Negligence/Negligence Per Se

The Department assumes the negligence per se claim arises from an alleged violation of Montana Code Annotated § 16–2–101(10), and the parties dispute whether that statute creates a private right of action. Plaintiffs also argue that regardless of that issue, their negligence claim should survive, and the Department seems to dispute whether the Department owed Plaintiffs a duty. A decision as to private right of action and duty cannot be made based on the face of this Complaint. The Complaint presents insufficient factual allegations as well as an incomplete statutory allegation for the claim. Therefore, Count I is also dismissed with leave to amend.

### 3. Count IV – Breach of the Covenant of Good Faith and Fair Dealing

The Department argues that this claim should be dismissed because the Agency Franchise Agreement, from which the Department contends this claim arises, is not subject to the covenant of good faith and fair dealing. (Docs. 12 at 29; 37 at 12.) Although the claim actually relates to the oral contracts Plaintiffs allege existed between them and the Department, Plaintiffs do not respond to the

13

Department's argument and instead group their response on the covenant with their response on breach of contract. (Doc. 27 at 29.) Breach of the implied covenant of good faith and fair dealing and breach of contract claims are inextricably linked. *Story v. City of Bozeman*, 791 P.2d 767, 775 (Mont.1990), *overruled in part on other grounds by Arrowhead Sch. Dist. No. 75, Park Co. v. Klyap*, 79 P.3d 250, 264 (Mont. 2003). Because the breach of contract claim is dismissed with leave to amend, Count IV is also dismissed with leave to amend.

### 4. Count VII – Violation of Constitutional Rights Pursuant to 42 U.S.C. § 1983

The Department argues that Count VII, which names only John Doe defendants, fails to provide sufficient information for identifying who the defendants are. "As a general rule, the use of 'John Doe' to identify a defendant is not favored. However, situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 2980) (internal citation omitted). "In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.* Because it is not clear that discovery would not uncover the

identities or that the Complaint will be dismissed on other grounds, the Department's motion is denied as to Count VII.

### 5. Count VIII – Violation of Montana Constitution

The Department insists this count should be dismissed because the Department "was exercising its police power to protect the public welfare when it terminated [the] Agency Franchise Agreement," (Doc. 12 at 34), so it could not have violated Plaintiffs' right to pursue life's basic necessities. Contrary to the Department's attempt to shift the focus of the Complaint, Plaintiffs' three claims under the Montana Constitution—violations of their rights to pursue life's basic necessities; acquire, possess, and protect their property; and equal protection of the law—do not center on the termination of the Agency Franchise Agreement. Additionally, the Department, in regulating the sale of liquor, is not excused from having to do so in a way that conforms with the Montana Constitution. Whether the constitutional provisions cited are self-executing is an unresolved question at this time. The Department's motion is denied as to Count VIII.

### 6. Count X – Defamation

The Department assumes that the "toxic" statement referenced in the Complaint came from the testimony of its Division Administrator during a bankruptcy hearing. On that basis, the Department argues this count must be

dismissed because it is immune as a statement made in a judicial proceeding. (Doc. 12 at 36 (citing *Mont. Bank of Circle v. Ralph Meyers & Son, Inc.*, 769 P.2d 1208, 1213 (Mont. 1989)).) Plaintiffs maintain "[t]here is certainly no basis to assume that this is the only context in which the word 'toxic' was used," and they once again refer to the affidavits they filed in opposition to the Motion for Judicial Notice. (Doc. 27 at 35.) The Department may be correct that the defamation claim cannot be predicated on the statement made during the bankruptcy proceeding. But, this determination cannot be made based on the face of the Complaint, and Plaintiffs indicate that additional conduct may support this claim. Count X is therefore dismissed with leave to amend.

## Conclusion

The parties look to matters outside the pleadings that present a more complete picture of the background of this case and flesh out the factual bases for the claims. Yet, the Court will avoid "going down the rabbit hole" and conducting a mini trial on the pleadings at this early stage of the case. Limited judicial notice of just two of the Department's documents and exclusion of Plaintiffs' affidavits and exhibits negates the need to convert the Motion to Dismiss into one for summary judgment and also eliminates any merit in the Motion to Strike. The Department's immunity argument is premature, and its Settlement Agreement

argument fails at this point. The Complaint is insufficiently pled, and nearly every count is dismissed for that reason. There is no clarity in the Complaint regarding the claims of the named plaintiffs. But Plaintiffs are granted leave to amend because amendment may not be futile.

Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss (Doc. 11) is GRANTED IN PART and DENIED IN PART. Counts I, II, III, IV, V, VI, IX, and X are dismissed without prejudice as insufficiently pled.

IT IS FURTHER ORDERED that Plaintiffs are granted leave to amend and have until 15 days from the date of this Order to file an amended Complaint.

IT IS FURTHER ORDERED that Defendant's Motion for Judicial Notice (Doc. 13) is GRANTED IN PART and DENIED IN PART. Judicial notice is taken of the Settlement Agreement (Doc. 12-9 at 7–16) and the bankruptcy court's Memorandum of Decision (Doc. 12-10).

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike (Doc. 28) is DENIED.

DATED this 25th day of September, 2015.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT